584 September 24, 2025 No. 832

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of S. A. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

S. A. W.,
*Respondent,*

*v.*

K. D. C.,
*Appellant.*

Lincoln County Circuit Court
19JU00616; A186306

Amanda R. Benjamin, Judge.

Submitted August 28, 2025.

G. Aron Perez-Selsky filed the brief for appellant.

George W. Kelly filed the brief for respondent S. A. W.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Before Lagesen, Chief Judge, Jacquot, Judge, and O'Connor, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Mother appeals a permanency judgment that continued the permanency plan of guardianship for her son, S, denying her motion to change the plan back to reunification. She assigns error to the juvenile court's denial of her motion for a plan change. No party has requested *de novo* review, and this case does not involve circumstances that would call for *de novo* review. We therefore review for legal error and evidentiary sufficiency. *Dept. of Human Services v. M. S.*, 284 Or App 604, 606, 393 P3d 270, *rev dismissed*, 361 Or 804 (2017), *abrogated on other grounds by Dept. of Human Services v. S. J. M.*, 364 Or 37, 430 P3d 1021 (2018). We affirm.

As the proponent of the proposed permanency plan change, mother bore the burden of proving that the plan should be changed away from guardianship to reunification. *Dept. of Human Services v. T. L.*, 279 Or App 673, 691, 379 P3d 741 (2016); *Dept. of Human Services v. R. S.*, 270 Or App 522, 527, 348 P3d 1164 (2015). To prove that the plan should revert to reunification, mother bore the burden of proving that her son S could "safely return home within a reasonable time" with "further efforts." ORS 419B.476(5)(c). The juvenile court was not persuaded that mother satisfied that burden. On the contrary, although the court recognized that mother loved S and was making efforts to develop the skills to care for him, the court affirmatively found that S has "exceptional needs," and that those needs mean that S requires a "higher level of care than mother will be able to provide, even with training." Although mother argues for a contrary conclusion, the juvenile court's findings about S's high-level needs, and mother's capacity to meet those needs even with training, are supported by the record so we defer to them on appeal. *Dept. of Human Services v. Y. B.*, 372 Or 133, 136, 546 P3d 255 (2024) ("In addition, we defer to the juvenile court's findings of fact if there is any evidence in the record to support them."). In view of those findings, the juvenile court did not legally err in denying mother's motion.

Affirmed.